IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD ALLEN BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-13-1103-HE |
| v. | ) | |
| | ) | |
| GRADY COUNTY JAIL, | ) | |
| U.S. MARSHAL'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action seeking damages and other relief from Defendants Grady County Jail and U.S. Marshal's Office for alleged constitutional violations. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

For the following reasons, it is recommended that the action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. <u>Statutory Screening of Prisoner Complaints</u>

The Court must review complaints filed by prisoners seeking relief against a

1

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Plaintiff's Claims

Plaintiff has set forth the entirety of his claims in the following paragraph in his Complaint filed October 15, 2013:

> On 7/22/13 (during the Islamic Holy month of Ramadan I was

2

> transported by the Oklahoma City U.S. Marshalls [sic] airlift to Oklahoma City and was placed in the custody of its contract housing facility "The Grady County Jail." Upon arriving at Grady County Jail I informed the shift supervisor that me, and 4 other Muslims who made the trip from Philadelphia were Muslims and were fasting and further explain [sic] what was entailled [sic]. I was told that Grady County Jail didnt [sic] cater to terrorist [sic] or Muslims and there would be no Ramadan in its facility. At that point I was placed in seg. [sic] denied a change of clothing for 14 days, denied a shower, bed sheets, a phone call (legal or otherwise) and I was told there was no law library at Grady County, I was denied recreation and forced to live in a filthy, dirty cell/unit, but most of all I was not permitted to fast and conditions were so nasty I could not pray in the cell I was housed as there was dried blood and God only knows what else all over the cell. I submitted several grievances and contact [sic] Erick Forsyth (the U.S. Marshall's liaison/rep) with U.S. Marshall request about conditions and requested to be moved to the Federal Transferr [sic] Center in Oklahoma City all to no avial [sic]. I was constantly verbally attacked by gaurds/staff [sic] and made to live in fear due to my religion.

Complaint, at 3-4.

As relief, Plaintiff requests ten million dollars in damages, a jury trial, that the Court "order emergency inspections of Grady County Jail," that the Court order "the removal of all federal prisoners from Grady County Jail and the suspension of the federal housing contract," and "that all inmates housed at Grady County Jail be given conditions of life credits (2 for 1 day credit) as condition there are well below human standards and rival 3rd world countries [sic]." Complaint, at 4.

III. <u>Defendants are not Suable Entities</u>

Although Plaintiff has not alleged a legal basis for his grievances, it is clear that

Plaintiff is asking the Court for relief to redress allegedly unconstitutional conditions of his confinement at the Grady County Jail. Plaintiff has not, however, provided the Court with basic information, including the reason for his stay in the Grady County Jail, the length of the stay, or the individual or individuals that he believes were responsible for the conditions at the jail.

Plaintiff has also alleged the deprivation of phone privileges and law library privileges for an unidentified period of time during his confinement at the Grady County Jail. Finally, Plaintiff's allegations can be generously construed to assert a deprivation of his First Amendment right of free exercise of religion.[1]

A. <u>Grady County Jail as Defendant</u>

Rule 17(b) of the Federal Rules of Civil Procedure provides that the law of the state in which the district court is located determines the capacity of a governmental entity to sue or to be sued. In Oklahoma, each organized county has the capacity to sue or be sued, and a lawsuit brought against a county in Oklahoma must be filed against the Board of County Commissioners for the particular county. Okla. Stat. tit. 19, §§ 1, 3, 4. A county jail in Oklahoma, which operates as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore Defendant Grady County Jail

---

[1] Plaintiff may be alleging that federal officials' failure to transfer him to another facility deprived him of a constitutionally-protected liberty interest. However, Plaintiff does not have a liberty interest in being placed at a particular prison facility, and therefore Plaintiff was not due any particular process before he was transferred to the county jail or not transferred to the Oklahoma Transfer Center after complaining about the conditions at the jail. See <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976); <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000). Plaintiff has therefore failed to allege a viable due process violation with this possible, but unclear, claim.

cannot be "persons" with the capacity to be sued in this Court under § 1983. See Buchanan v. Oklahoma, 398 Fed.Appx. 339, 342 (10th Cir. 2010)(unpublished op.)(holding "state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be used under § 1983"); Aston v. Cunningham, 216 F.3d 1086 (Table), 2000 WL 796086, * 4 n. 3 (10th Cir. 2000)(unpublished op.)("Dismissal against [Salt Lake County jail] was also required because a detention facility is not a person or legally created entity capable of being sued."). Thus, Defendant Grady County Jail must be dismissed from the action due to Plaintiff's failure to state a plausible claim for relief against this Defendant.

B. U.S. Marshal's Office as Defendant

If Plaintiff is seeking to assert a claim against Defendant U.S. Marshal's Office under 42 U.S.C. § 1983, he has failed to state a plausible claim for relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the deprivation of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). A federal agency such as the U.S. Marshal's Office does not act under color of state law, and 42 U.S.C. § 1983 does not allow a cause of action against a federal agency. See Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013)(Title "42 U.S.C. § 1983 . . . provides a cause of action against state officials who violate constitutional or other federally protected rights.").

A Bivens action, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), is "the federal analog to a § 1983 suit [and] provides a

'private action for damages against federal officers' who violate certain constitutional rights." Pahls, 718 F.3d at 1225 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).

Assuming that Plaintiff is seeking relief from Defendant U.S. Marshal's Office under Bivens, Plaintiff has failed to state a viable claim for relief. "The concept of sovereign immunity means that the United States cannot be sued without its consent." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir. 1992)(citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).

Federal courts lack subject matter jurisdiction over claims against the United States where the United States has not waived its sovereign immunity. Iowa Tribe of Kan. and Neb. v. Salazar, 607 F.3d 1225, 1232 (10th Cir. 2010). Only Congress can waive the sovereign immunity of the United States, id., and Congress has not extended the Bivens remedy to federal agencies. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72 (2001); FDIC v. Meyer, 510 U.S. 471, 486 (1994). See Iqbal, 556 U.S. at 675 (recognizing that the Supreme Court "has been reluctant to extend Bivens liability to any new context or new category of defendants").

Thus, Plaintiff cannot bring a Bivens action against the U.S. Marshal's Office, and his claims against this federal agency should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[2]

---

[2]Additionally, in order to state a claim for denial of access to the courts, a litigant must demonstrate that the alleged deprivations "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). In his Complaint, Plaintiff has not alleged the requisite actual injury. Id. at 351. It is not clear whether it would be futile to allow Plaintiff to amend his Complaint in an attempt to state a claim of a First Amendment deprivation. However, if he names an individual

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action against Defendants Grady County Jail and U.S. Marshal's Office be DISMISSED with prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___December 9th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of the issues referred to the undersigned

---

as a defendant in an amended complaint he must demonstrate personal involvement of the individual in the alleged deprivation. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)(Section 1983 claim requires "personal involvement in the alleged constitutional violation" and the "denial of a grievance, but itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). It is also not clear at this point that it would be futile to give Plaintiff an opportunity to amend his Complaint with respect to his Eighth Amendment claim. Plaintiff may be able to allege facts that demonstrate that the length and the conditions of his confinement in segregated housing at the Grady County Jail constituted an atypical and significant hardship. See Gaines v. Stenseng, 292 F.3d 1222, 1226 (prisoner's alleged 75-day confinement in segregated housing was of sufficient duration to make dismissal improper without consideration of whether confinement was "atypical and significant"); Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 809 (10th Cir.1999) (allegations of restrictive conditions in segregated housing sufficient to require consideration of whether conditions presented atypical, significant deprivation implicating constitutionally-protected liberty interest). Accordingly, prior to dismissal of the action Plaintiff should be given leave to amend the Complaint in order to cure the pleading deficiencies as explained herein with respect to suable defendants and his § 1983 and Bivens claims.

Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this  19th  day of  November , 2013.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE