IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD ALLEN BANKS,                )
                                    )
            Plaintiff,              )
vs.                                 )    NO. CIV-13-1103-HE
                                    )
GRADY COUNTY JAIL, *et al.*,        )
                                    )
            Defendants.             )

# ORDER

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, filed this action against the Grady County Jail and the U.S. Marshall's Office, seeking monetary damages and other relief for alleged constitutional violations. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who concluded the complaint should be dismissed for failure to state a claim for which relief can be granted. As plaintiff objected to the Report and Recommendation, the court has conducted a de novo review of the magistrate judge's determination.

Plaintiff alleges that during the Holy month of Ramadan, he was transported by the Oklahoma City U.S. Marshall's Office to the Grady County Jail. During his stay at the jail, he asserts that he was not provided appropriate accommodations for practicing his Muslim faith; that he was denied a shower or change of clothes for fourteen days; that he was denied recreation, phone calls, and access to a law library; that he was verbally abused by his guards; and other allegations about the poor conditions of the jail. He requests $10 million in damages, a jury trial, and other equitable relief.

1

Judge Purcell recommends that the complaint be dismissed because neither Grady County Jail nor the U.S. Marshall's Office is an appropriate defendant. The court agrees. Because Grady County Jail is "merely the name[] of [a] detention facilit[y] . . . [it] lack[s] a separate legal identity from the state and [is] not subject to suit." Pemberton v. Jones, CIV-10-966-D, 2011 WL 1595158 (W.D. Okla. Jan. 24, 2011) report and recommendation adopted, CIV-10-966-D, 2011 WL 1598194 (W.D. Okla. Apr. 27, 2011) (citing Aston v. Cunningham, 216 F.3d 1086 (10th Cir. 2000) ("Dismissal against this entity was also required because a detention facility is not a person or legally created entity capable of being sued.")).

The same holds true for the Marshall's Office. Plaintiff cannot bring a § 1983 action against it because § 1983 provides a cause of action against state officials, not federal agencies. *See* Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013). Plaintiff cannot bring a Bivens action against the Marshall's Office because it is "the federal analog to a § 1983 suit—which provides a 'private action for damages against federal officers' who violate certain constitutional rights." *Id.* (emphasis added) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Without alleging a sufficient legal basis to sue the named defendants, or specific individuals who were involved in the alleged unconstitutional actions, plaintiff's complaint fails to state a claim.

Plaintiff's objection does not cure or resolve these deficiencies. He states that he does

not know the identities of the individuals who allegedly violated his rights,[1] nor any other information Judge Purcell indicated would be necessary to bring a cognizable claim.  Judge Purcell has, however, recommended that plaintiff be granted leave to amend his complaint in accordance with his Report and Recommendation.  The court agrees, and leave to amend will granted.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #9] and the complaint [Doc. #1] is **DISMISSED**.  Plaintiff is granted **twenty-one (21) days** from the date of this order to submit, if he can do so, a sufficient complaint in accordance with this order and Judge Purcell's Report and Recommendation.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *"Because § 1983 and Bivens are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. '[I]t is particularly important' that plaintiffs 'make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.' When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. . . .Rather, it is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 or Bivens claim."* Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (internal citations omitted).